# Exhibit 2

COMMONWEALTH OF KENTUCKY
JEFFERSON CIRCUIT COURT
DIVISION_____
CIVIL ACTION NO. 22-CI-_____

*Electronically Filing*

ROCHELLE COOPER             PLAINTIFF

v.        **VERIFIED COMPLAINT**

COVENTRY COMMONS KY, LLC        DEFENDANTS

     SERVE:     REGISTERED AGENT:
                      CAPITOL CORPORATE SERVICES, INC.
                      828 LANE ALLEN ROAD
                      LEXINGTON, KY 40504

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Come the Plaintiff, Rochelle Cooper, and by counsel, and for her Complaint against the Defendants, Coventry Commons KY, LLC, respectfully state as follows:

### COUNT I

1. That the Plaintiff, Rochelle Cooper, is a resident of Jefferson County, Kentucky, with a mailing address of 4517 Cane Run Road, Apt. 110, Louisville, Kentucky 40216.

2. The Defendant, Coventry Commons KY, LLC, is and at all times applicable hereto, was a Limited Liability Company conducting business in Jefferson County, Kentucky. Its agent for service of process is Capitol Corporate Services, Inc., 828 Lane Allen Road, Lexington, Kentucky 40504.

3. Venue of Plaintiff's claims is properly within the jurisdiction of the Jefferson Circuit Court on the basis that a substantial part of the events giving rise to the claims occurred within Jefferson County.

## COUNT II

4. That on or about September 14, 2021, the Plaintiff, Rochelle Cooper, was a tenant at Coventry Commons KY, LLC, that was owned and operated by the Defendants.

5. That while at her residence on September 14, 2021, the dishwasher located in the Plaintiff's apartment had leaked water onto the floor resulting in the Plaintiff to slip and fell causing significant injuries.

6. That the Defendants failed to meet its duty to keep the premises to which Plaintiff, a tenant, would reasonably be expected to use, in a condition unsafe. Defendant knew or by the exercise of reasonable care should have known the leaking dishwasher was an unreasonable risk to the Plaintiff. Defendant, through its employees and agent, by failing to meet its duty was negligent.

7. That the injuries suffered by Plaintiff, Rochelle Cooper, were caused and brought about by the negligence of Defendants, and its agents, servants and employees, acting within the course and scope of their employment in the maintenance, management, supervision and control of the premises of Coventry Commons KY, LLC, described herein caused and brought about the injuries of the Plaintiff, Rochelle Cooper, as described herein.

8. That as a result of the negligence of the Defendants, the Plaintiff, Rochelle Cooper, has suffered severe injuries and continues to suffer mental and physical pain, incurred medical expenses and will incur medical expenses in the future all to her damage that exceeds the minimum jurisdiction of this Court.

**WHEREFORE**, the Plaintiff, Rochelle Cooper, demands judgment against the Defendants, Coventry Commons KY, LLC, for her personal injuries, past and future physical pain and suffering, past and future mental anguish, emotional distress and loss of enjoyment of life,

past and future medical expenses, and for any all other relief to which she may appear entitled, including her costs herein expended, interest on all sums awarded, and a **TRIAL BY JURY.**

Respectfully submitted,

/s/ James E. Davis
JAMES E. DAVIS
JAMES E. DAVIS & ASSOCIATES, PSC
P.O. BOX 390
MT. STERLING, KENTUCKY 40353
TELEPHONE:  (859) 498-8936
FACSIMILE:   (859) 432-8410
EMAIL:  JDavis@jedavislaw.com

Filed   22-CI-001499   03/28/2022   David L. Nicholson, Jefferson Circuit Clerk

Presiding Judge: HON. JESSICA E. GREEN (630423)
COM : 000003 of 000004
0F905059-D818-4B71-ACF2-D4CCD1CF300B : 000003 of 000007

## **VERIFICATION**

I, Rochelle Cooper, Plaintiff in the above styled action, being duly sworn, state that I have read the foregoing Complaint, and that I am personally acquainted with the facts set out therein, and that the allegations therein are true to the best of my belief and knowledge.

*/s/ Rochelle Cooper*
ROCHELLE COOPER

COMMONWEALTH OF KENTUCKY
COUNTY OF **MonTgomery**

The foregoing document was subscribed and sworn before me by Rochelle Cooper, to be the truth to the best of her knowledge, this the **28** day of **MArch**, 20**22**.

*/s/ Joni R. Caldwell*
NOTARY PUBLIC, STATE AT LARGE

My Commission Expires: **5-23-25**

CASE NO. 22-CI-001499  JEFFERSON CIRCUIT COURT
DIVISION NINE (9)
HON. JESSICA E. GREEN
*Electronically Filed*

ROCHELLE COOPER  PLAINTIFF

v.

COVENTRY COMMONS KY, LLC  DEFENDANT

## ANSWER

Comes the Defendant, Coventry Commons KY, LLC ("Coventry"), by and through the undersigned counsel, for its Answer to Plaintiff's Verified Complaint states as follows:

### FIRST DEFENSE

1. Any and all allegations not specifically admitted herein are denied.

2. Coventry is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, neither admits nor denies the same.

3. In response to the allegations contained in Paragraph 2 of the Complaint, Coventry states that it is a foreign limited liability company which conducts business in the Commonwealth of Kentucky, with a Registered Agent for Service of Process as-indicated in the Complaint.

4. The allegations contained in Paragraph 3 of the Complaint are purely legal conclusions requiring no response of Coventry.

5. Coventry admits that Plaintiff was a tenant at Coventry Commons KY, LLC, and that Coventry owned the subject premises. Coventry denies all remaining allegations contained in Paragraph 4 of the Complaint.

6.    Coventry denies the allegations contained in Paragraphs 5, 6, 7, and 8 of the Complaint.

7.    The remainder of the Complaint sets forth a prayer for relief to which no response is required. However, to the extent a response is required, Coventry denies that Plaintiff is entitled to the relief requested.

## SECOND DEFENSE

8.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD DEFENSE

9.    Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any, were caused by the acts, omissions, and/or active primary negligence and/or intentional conduct and/or the intervening and superseding negligence and/or intentional conduct of persons or entities other than Coventry and such negligence or intentional acts by such person or entities preclude any liability of Coventry.

## FOURTH DEFENSE

10.    Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any, were caused in whole or in part by Plaintiff's contributory and/or comparative negligence by reason of failure to use the degree of care that would have been used by an ordinary, reasonable and prudent person under the same or similar circumstances. Any damages to which Plaintiff may be found to be entitled are barred and should be reduced in proportion to the amount of fault attributable to Plaintiff. The negligence of Plaintiff proximately caused, contributed to, and was a substantial factor in causing the injuries and damages, if any, alleged in the Complaint.

## FIFTH DEFENSE

11. Coventry's conduct was not the proximate cause or substantial factor in causing any of the injuries or damage, if any occurred, alleged by Plaintiff.

## SIXTH DEFENSE

12. Insofar as Plaintiff has failed to mitigate her damages, said failure to mitigate operates as a complete or partial bar to Plaintiff's claims.

## SEVENTH DEFENSE

13. Plaintiff has failed to plead special damages, if any, with specificity as required by Rule 9 of the Kentucky Rules of Civil Procedure, and any claims for special damages are, therefore, barred.

## EIGHTH DEFENSE

14. All claims against Coventry are barred to the extent that Coventry owed no duty of care to Plaintiff.

## NINTH DEFENSE

15. Plaintiff at the time and place stated in the Complaint assumed the risk with full and complete knowledge of all known dangers or conditions and voluntarily assumed the risk of said dangers.

## TENTH DEFENSE

16. To the extent that Plaintiff has been compensated in whole or in part for the damages that are the subject of the Complaint, Plaintiff's claim has been satisfied either in whole or in part.

## ELEVENTH DEFENSE

17. Any and all claims against Coventry are barred by the doctrines of limitation, waiver, estoppel, and agreement.

## TWELFTH DEFENSE

18. To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiff on account of events or injuries or damages alleged in the Complaint and who have not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS 411.188 and the Complaint is barred. Alternatively, Plaintiff is precluded from recovery of amounts which are the subject of subrogation rights. Moreover, to the extent such person or entity exists, Plaintiff is not the real part in interest to the extent of such payment.

## THIRTEENTH DEFENSE

19. Any and all claims for damages for damages for personal injury of Plaintiff are barred and unrecoverable, as Plaintiff is only entitled to pursue contractual remedies against Coventry.

## FOURTEENTH DEFENSE

20. Coventry reserves the right to assert any and all defenses pursuant to Rule 8 of the Kentucky Rules of Civil Procedure.

## FIFTEENTH DEFENSE

21. Coventry reserves the right to assert any and all defenses pursuant to Rule 12 of the Kentucky Rules of Civil Procedure.

## SIXTEENTH DEFENSE

20. Coventry reserves the right to assert additional defenses, and to assert counterclaims, cross-claims, and third-party claims in the future.

4

Filed        22-CI-001499    04/08/2022        David L. Nicholson, Jefferson Circuit Clerk

WHEREFORE, Coventry respectfully requests the following relief:

1. Dismissal of Plaintiff's Complaint, with prejudice;

2. Trial by jury;

3. Its costs herein expended, including reasonably attorney's fees; and

4. Any and all other relief to which Coventry may reasonably appear entitled.

Respectfully submitted,

*/s/ Andrew Bokeno*
Andrew Bokeno
**Wilson Elser Moksowitz Edelman & Dicker, LLP**
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: (502) 238-8500
Facsimile: (502) 238-7995
Email: aj.bokeno@wilsonelser.com
*Counsel for Defendant*

Filed        22-CI-001499    04/08/2022        David L. Nicholson, Jefferson Circuit Clerk

ANS : 000005 of 000006

3362B41C-8CFB-4617-9D6E-71A1D6A2292B : 000005 of 000006

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 8, 2022, I electronically filed the foregoing with the Clerk of the Jefferson Circuit Court using the Court's electronic filing system, which will send notice of filing to the following counsel of record:

James E. Davis
JAMES E. DAVIS & ASSOCIATES, PSC
P.O. Box 390
Mt. Sterling, KY 40353
Telephone: (859) 498-8936
Facsimile: (859) 432-8410
Email: JDavis@jedavislaw.com
*Counsel for Plaintiff*

                                      */s/ Andrew Bokeno*
                                      *Counsel for Defendant*